Dear Mr. Lambert:
You have requested an opinion of the Attorney General relative to the Sewerage Water Board of New Orleans (Board) and Act1029 of the 1991 Regular Session of the Louisiana Legislature (Act). You specifically ask whether the Board is exempt and/or excluded from the payment of the City of New Orleans Street Use Franchise Tax (SUFT) by virtue of the Act.
The Act amends LSA-R.S. 47:301(8)(a) and enacts 47:301(8)(c) so as to redefine the class of "persons" subject to the payment of state and local sales and use taxes to exempt and/or exclude the state and its political subdivisions, as well as state and local agencies, commissions and boards (e.g., the Board) from the payment of said taxes.
The City of New Orleans collects the SUFT from the New Orleans Public Service, Inc., (NOPSI) for its use of the City's streets, highways, etc., for the generation and distribution of electrical energy. LSA-R.S. 33:4510 authorizes public utilities (e.g., NOPSI) to add the franchise tax to the sales price of the service provided and to bill customers on a pro rata basis. It reads, in pertinent part, as follows:
 "The Council may require adequate consideration for the privilege of using the streets or other public areas in the ordinance granting a franchise, privilege or permit."
Ordinance No. 7068 C.C.S. of 1922, as amended by Ordinance No. 4272 M.C.S. of 1970, of the City of New Orleans, Section 7, levies the SUFT at the rate of two and one-half percent of the gross receipts of NOPSI, the grantee.
In Attorney General Opinion No. 92-234, this office addressed the issue of whether the Louisiana Superdome was exempt from the payment of the SUFT. In finding it was not, we concluded:
 ". . . We are aware of no state or local statutory provision or ordinance, and no constitutional provision authorizing the City of New Orleans to levy the SUFT upon the Superdome and/or other NOPSI customers. Nor are we aware of any authority whatsoever empowering NOPSI to levy a SUFT on its customers.
 While LSA-R.S. 33:4510 enables NOPSI to add the amount representing the tax to the sales price of its service and bill its customers, pro rata, it does not constitute taxing authority for the City of New Orleans or NOPSI vis-a-vis NOPSI's customers. We have been advised by NOPSI officials that all customers are billed pro rata from the SUFT NOPSI pays to the City. There are no exemptions from this added cost for the services provided.
 Therefore, it is the opinion of this office that the additional two and one-half percent (2 1/2 pct.) charge for electrical service paid by the Superdome to NOPSI does not constitute a tax as envisioned by Section 62-70 of the City's Code and LSA-R.S. 39:467. Accordingly, the Superdome is not exempt from its payment."
In Attorney General Opinion No. 92-263, this office concluded that Acts 1064 and 1029 of 1990 and 1991, respectively, did not exempt state and local governments from the payment of hotel-motel occupancy taxes:
 "A review of LSA-R.S. 47:301(8) in its entirety indicates that state and local government are still within the definition of "person" except for purposes of sales and use tax. For this reason, we determine that the hotel-motel occupancy tax may still be lawfully imposed on state and local government. Any other construction of Act 1029 would add an additional meaning to the plain wording of the statute, contrary to legislative intent." (Emphasis added.)
It is the opinion of this office that Act 1029 of 1991 only exempts and/or excludes state and local government from the payment of sales and use taxes. The SUFT is not a sales and use tax as envisioned by the Act. Therefore, the Board is not exempt from its payment.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0209R cc: Ms. Trudy M. White
119 TAXATION — Exemptions, general 160 TAXATION — Sales Tax 172-A WATER DISTRICTS
R.S. 47:301(8); R.S. 33:4510
The sewerage and water board of New Orleans is not exempt and/or excluded from the payment of the City of New Orleans Street Use Franchise Tax by virtue of Act 1029 of 1991.
Mr. John D. Lambert, Jr. Special Counsel Sewerage Water Board of New Orleans 625 St. Joseph Street New Orleans, LA 70165
Date Received: 08-24-93
Date Released:
ROBERT E. HARROUN, III Asst. Attorney General